FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 09 2012

JAMES N. HATTEN, Clerk
By
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEAN MURLA, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY E. FOOTE; ASHLEY BARTSCH; KELLIE C. BRADY; C.E. BREWER; DENA J. BREWER; JAMES E. BREWER; JOY L. DUFFY; WINSLETT & DEFOOR, CPAs, P.C.; a Georgia professional corporation; S. GREGORY DEFOOR; and ROGER D. WINSLETT, <br><br> Defendants. | **TWT** <br><br> Civil Action File <br><br> 1:12-CV-1633 |

## COMPLAINT

COMES NOW Plaintiff Sean Murla ("Plaintiff"), acting by and through his undersigned attorney, and files this Complaint against Defendants Gregory E. Foote, Ashley Bartsch, Kellie C. Brady, C. E. Brewer, Dena J. Brewer, James E. Brewer, Joy L. Duffy, Winslett & DeFoor, CPAs, P.C., S. Gregory DeFoor and Roger D. Winslett (collectively, "Defendants"), showing the Court the following:

## PARTIES

1.

Plaintiff is an individual resident of the State of Florida, residing at 2625 N.E. 14th Avenue, Apt. 116, Oakland Park, Florida 33334. Plaintiff submits himself to the jurisdiction of this Court by the filing of this Complaint, and may be served through his undersigned attorney of record.

2.

Based on information and belief, Defendant Gregory C. Foote ("Foote") is an individual resident of the State of Georgia, whose last known residence is 988 Emory Parc Place, Decatur, Georgia 30033. Defendant Foote may be served at such address or wherever he may be found.

3.

Based on information and belief, Defendant Ashley Bartsch ("Bartsch") is an individual resident of the State of Georgia, and is presently employed by Silverton Mortgage Specialists, located at 2255 Cumberland Parkway, Building 1200, Atlanta, Georgia 30339. Defendant Bartsch may be served at such address or wherever he may be found.

4.

Based on information and belief, Defendant Kellie C. Brady ("Brady") is an individual resident of the State of Georgia, whose last known residence is 5405 Landsdowne Court, Cumming, Georgia 30040. Defendant Brady may be served at such address or wherever she may be found.

5.

Based on information and belief, Defendants C. E. Brewer ("C. E. Brewer") and Dena J. Brewer ("Dena Brewer") are individual residents of the State of North Carolina, whose last known residence is 111 Wyndham Cove, Cherryville, North Carolina 28021. Defendants C. E. Brewer and Dena J. Brewer may be served at such address or wherever they may be found.

6.

Based on information and belief, Defendant James E. Brewer ("James Brewer") is an individual resident of the State of Georgia, whose last known residence is 1522 Ridgeland Court, Lilburn, Georgia 30047. Defendant James Brewer may be served at such address or wherever he may be found.

7.

Based on information and belief, Defendant Joy L. Duffy ("Duffy") is an individual resident of the State of Georgia, whose last known residence is 2360 Wood Cove Drive, Cumming, Georgia 30041. Defendant Duffy may be served at such address or wherever she may be found.

8.

Based on information and belief, Defendant Winslett & DeFoor, CPAs, P.C. ("Winslett & DeFoor, P.C.") is a Georgia professional corporation whose current registered corporate address is 2255 Sewell Mill Road, Suite 330, Marietta, Georgia 30062. Defendant Winslett & DeFoor may be served at such address. Based on information and belief, Defendants S. Gregory DeFoor ("DeFoor") and Roger D. Winslett ("Winslett"), are individual residents of the State of Georgia and principals and officers of said corporation, are employed at the office located at the same address, and may also be served there or wherever they may be found.

9.

United Funding Mortgage, Inc. (the "Corporation") is a Georgia business corporation whose stock is the primary basis of the controversies set forth in this suit. The Corporation is presently the subject of a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Georgia (case no. 10-83213-JB), and is presently subject to the automatic stay provisions of 11 U.S.C. § 362. As such, the Corporation is presently unavailable to be named as a defendant in this case.

## JURISDICTION AND VENUE

10.

The Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) as it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between citizens of different States. To the extent that several of the causes of action set forth in this Complaint arise under the laws of the United States, the Court also has original jurisdiction under 28 U.S.C. § 1331.

11.

The Court has personal jurisdiction over the Defendants pursuant to the Georgia long-arm statute, O.C.G.A. § 9-10-91, as the events described herein took place within the State of Georgia.

12.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this is the District where the alleged wrongful conduct occurred giving rise to the claims.

## COMMON FACTS

13.

Peter Kyres, a resident of the State of Florida, paid cash consideration of $250,000 for 500 shares of preferred stock of the Corporation in March of 2010.

14.

Timothy Parker, a resident of the State of Florida, paid cash consideration of $100,000 for 200 shares of preferred stock of the Corporation in March of 2010.

15.

Ben Charles, a resident of the State of Florida, paid cash consideration of $93,500 for 187 shares of preferred stock of the Corporation in March of 2010.

16.

Plaintiff purchased 613 shares of preferred stock of the Corporation In March of 2010; contemporaneously, Murla also purchased 5,500 shares of the common stock of the Corporation in addition to the preferred shares. Murla paid $250,000 in partial cash consideration and gave a $500,000 promissory note payable to KMJG Holdings, LLC, for the benefit of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, as partial consideration.

17.

Plaintiff is presently the defendant in a separate lawsuit and foreclosure action brought in the Circuit Court for Marion County, Florida (*KMJG Holdings, LLC v. Sean Murla et al.*, case no. 10-4438-GA-B), in which the plaintiff, KMJG Holdings, LLC, a Georgia limited liability company that is owned and controlled by Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, is seeking to enforce the $500,000 promissory note and mortgage against

Murla, which note and mortgage Murla gave as partial consideration for his purchase of stock of the Corporation.

18.

Based on information and belief, Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer received cash consideration in exchange for the sale of their stock in the Corporation in the following amounts:

| | | |
|---|---|---|
| (a) | Kellie C. Brady | $ 50,000.00 |
| (b) | C. E. Brewer & Dena J. Brewer | $ 50,000.00 |
| (c) | James E. Brewer | $100,000.00 |
| (d) | Joy L. Duffy | $ 50,000.00 |

All consideration paid to Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy was derived from the consideration paid by Charles, Kyres, Parker and Plaintiff, as part of a single, integrated stock purchase and sale transaction.

19.

Based on information and belief, Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Joy Duffy collectively owned approximately fifty percent of the outstanding shares of common stock of the Corporation prior to the sale of stock to Plaintiff.

20.

Defendants Foote, Bartsch, Brady, C.E. Brewer, Dena Brewer, James Brewer and Joy Duffy collectively owned all or virtually all of the Corporation's shares prior to the sale of stock to Plaintiff, and therefore Defendants were in a position to exercise control over the Corporation prior to the sale of stock to Plaintiff.

21.

Acting in his capacity as the president and chief executive officer of the Corporation, Defendants Foote and Bartsch made representations regarding the financial condition, assets and market value of the Corporation to Plaintiff and/or other persons acting on Plaintiff's behalf.

22.

In his capacity as the president and chief executive officer of the Corporation, Defendant Foote was in the best position of any single individual to know the actual state of the Corporation's financial condition and its market value.

23.

In making his decision to purchase a controlling majority of the Corporation's stock, Plaintiff relied upon the representations regarding the Corporation's financial condition and market value made by Defendants Foote and Bartsch and other corporate officers.

24.

Based on information and belief, Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy were provided periodic reports of the Corporation's financial condition by Defendant Foote and other officers of the Corporation.

25,

Defendant Winslett & DeFoor, P.C. prepared the December 31, 2009 audited financial statements and submitted them to the Corporation's officers and employees. Based on information and belief, those financials were personally reviewed and prepared by Defendant DeFoor and/or Defendant Winslett on behalf of Defendant Winslett & DeFoor, P.C.

26.

To the best of Plaintiff's knowledge, information and belief, the book value of the Corporation was no greater than $30,000 positive value, and possibly of negative value, at the time of the sale of stock to the Plaintiff and the market value of the Corporation and its stock was effectively zero.

27.

As recited above, the Corporation is presently the debtor in a pending Chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the Northern District of Georgia, and, as such, is subject to the automatic stay provisions of 11 U.S.C. § 362 and cannot be named as a party defendant in this case at this time. At such time as the bankruptcy case is concluded, or the automatic stay is lifted, Plaintiff will move to add the Corporation as a defendant in this case.

## Count 1
## COMMON LAW FRAUD

28.

Plaintiff re-alleges and incorporates paragraphs 1 through 27 above.

29.

Based on information and belief, the Corporation and its officers, directors and other insiders, specifically including, but not limited to, Defendants Foote and Bartsch, knew the Corporation's actual financial condition and market value and were in a position of superior knowledge to that of Plaintiff.

30.

Within the 90 days immediately following the sale of stock to the Plaintiffs, it became apparent that there was a great disparity in the actual value and financial condition of the Corporation and its value and condition as represented by the Corporation and its officers.

31.

By and through such material misrepresentations, the Corporation and the Defendants induced Plaintiffs to purchase the stock of the Corporation, from which Defendants Foote, Bartsch, Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy directly benefited.

32.

WHEREFORE, Plaintiff demands damages in the amount of the consideration paid by him for the purchase of the Corporation's stock, together with interest, legal fees and costs.

## Count II
## VIOLATION OF FLORIDA
## SECURITIES REGISTRATION LAWS

33.

Plaintiff re-alleges and incorporates paragraphs 1 through 32 above.

34.

Plaintiff is and was a resident of the State of Florida at all times during the negotiation and sale of the Corporation's stock to Plaintiff, as described above.

35.

The purchase and sale of securities is one that is subject to the securities laws of the State of Florida.

36.

Section 517.07, Florida Statutes, states that "It is unlawful and a violation of this chapter [517] for any person to sell or offer to sell a security within this state unless the security is exempt under § 517.051, is sold in a transaction exempt under § 517.061, is a federal covered security, or is registered pursuant to this chapter [517]."

37.

Upon information and belief, none of the exemptions provided by §§ 517.051 or 517.061 apply in this case.

38.

Section 517.211, Florida Statutes, provides a civil rescission remedy for any violation of §§ 517.07, and further provides that "Each person making the sale and every director, officer, partner, or agent of or for the seller, if the director, officer, partner, or agent has personally participated or aided in making the sale, is jointly and severally liable to the purchaser in an action for rescission, if the purchaser still owns the security."

39.

WHEREFORE, Plaintiff demands rescission of the stock purchase and restitution of the consideration paid by him, together with interest, legal fees and costs, or, in the alternative, damages in the amount of the consideration paid by him, or other damages as provided under state and federal law, together with interest, legal fees and costs.

## COUNT III
## VIOLATION OF FEDERAL AND
## GEORGIA SECURITIES REGISTRATION LAWS

40.

Plaintiff re-alleges and incorporates paragraphs 1 through 39 above.

41.

The purchase and sale of securities is one that is subject to Georgia and Federal securities laws.

42.

Section 5 of the Securities Exchange Act of 1933 requires a sale of securities to be registered with the SEC unless the sale falls within an exemption thereto.

43.

Upon information and belief, none of the Section 5 exemptions apply in this case.

44.

Further, the purchase and sale of securities should have been registered under the Georgia Blue Sky Law, O.C.G.A. § 10-5-5 *et seq.*, and does not fall under any of the exemptions to registration under the securities laws of the State of Georgia.

45.

Section 10-5-14(a) provides a civil remedy for any violation of O.C.G.A. § 10-5-5 and further provides that the damages for such a violation are to be "the amount which equals the difference between the fair value of the consideration the buyer gave for the security and the fair value of the security at the time the buyer disposed of it, plus interest thereon from the date of payment down to the date of repayment."

46.

WHEREFORE, Plaintiff demands rescission and restitution of the consideration paid by them, together with interest, legal fees and costs, or, in the alternative, damages in the amount of the consideration paid by them, or other damages as provided under applicable state and federal laws, together with interest, legal fees and costs.

Count IV
VIOLATIONS OF FLORIDA SECURITIES LAWS

47.

Plaintiff re-alleges and incorporates paragraphs 1 through 46 above.

48.

Section 517.301(1), Florida Statutes, provides, in relevant part, that

It is unlawful and a violation of the provisions of this chapter for a person:

(a)   In connection with the offer, sale, or purchase of any investment or security, including any security exempted under the provisions of § 517.051 and including

any security sold in a transaction exempted under the provisions of § 517.061, directly or indirectly:

    1. To employ any device, scheme, or artifice to defraud;

    2. To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3. To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a person.

[ . . . ]

    (c) In any matter within the jurisdiction of the office, to knowingly and willfully falsify, conceal, or cover up, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry.

49.
The Corporation, acting by and through its directors and officers, including but not limited to Defendants Foote and Bartsch, knew or should have known that the financial condition and value of the Corporation was not what was represented to Plaintiff.

50.
Defendants Winslett & DeFoor, P.C., DeFoor and Winslett knew or should have known that the financial condition and value of the Corporation was not what was represented by them on the Corporation's financial statements prepared for the Corporation's fiscal years 2007, 2008 and 2009.

51.
The representations made to Plaintiff by the Corporation, its accountants, and its officers, including Defendant Foote and Bartsch, and on behalf of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, constitute one or more untrue statements of material fact under Section § 517.301, and the failure to disclose the true financial condition and value of the Corporation constitutes an omission of a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading, under § 517.301.

52.
The Corporation and Defendants Foote, Bartsch, Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy were the direct beneficiaries of such misstatements and omissions of material facts.

53.

WHEREFORE, Plaintiff demands rescission of the stock purchase and restitution of the consideration paid by him, together with interest, legal fees and costs, or, in the alternative, damages in the amount of the consideration paid by him, or other damages as provided under state and federal law, together with interest, legal fees and costs.

## Count V
## VIOLATIONS OF GEORGIA SECURITIES LAWS

54.

Plaintiff re-alleges and incorporates paragraphs 1 through 53 above.

55.

Section 10-5-50, Official Code of Georgia ("O.C.G.A."), provides that:

It is unlawful for a person, in connection with the offer, sale, or purchase of a security, directly or indirectly:

(1) To employ a device, scheme, or artifice to defraud;

(2) To make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading; or

(3) To engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

56.

The Corporation, acting by and through its officers directors, including but not limited to Defendants Foote and Bartsch, knew or should have known that the financial condition and value of the Corporation was not what was represented to Plaintiffs.

57.

Defendants Winslett & DeFoor, P.C., DeFoor and Winslett knew or should have known that the financial condition and value of the Corporation was not what was represented by them on the Corporation's financial statements prepared for the Corporation's fiscal years 2007, 2008 and 2009.

58.

The representations made to Plaintiff by the Corporation, its accountants, and its officers, including Defendants Foote and Bartsch, and on behalf of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, constitute one or more untrue statements of material fact under Section 10-5-50, and the failure to disclose the true financial condition and value of the Corporation constitutes an omission of a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading, under Section 10-5-50.

…

59.

The Corporation and Defendants Foote, Bartsch, Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy were the direct beneficiaries of such misstatements and omissions of material facts.

60.

WHEREFORE, Plaintiff demands rescission and restitution of the consideration paid by him, together with interest, legal fees and costs, or, in the alternative, damages in the amount of the consideration paid by him, or other damages as provided under applicable state and federal laws, together with interest, legal fees and costs.

## Count VI
## VIOLATIONS OF FEDERAL SECURITIES LAWS

61.

Plaintiff re-alleges and incorporates paragraphs 1 through 60 above.

62.

Section 10(b) of the Securities Exchange Act of 1934 forbids the use or employment of any deceptive device in connection with the purchase or sale of any security, in contravention of Securities and Exchange Commission ("SEC") rules and regulations.

63.

SEC Rule 10b-5 forbids, among other things, the making of any untrue statement of material fact or the omission of any material fact necessary in order to make the statements not misleading in connection with the purchase or sale of securities.

64.

The Corporation, acting by and through its officers, including Defendant Foote and Bartsch, knew or should have known that the financial condition and value of the Corporation was not what was represented to Plaintiff.

65.

Defendants Winslett & DeFoor, P.C., DeFoot and Winslett knew or should have known that the financial condition and value of the Corporation was not what was represented to Plaintiffs.

66.

The representations made to Plaintiff by the Corporation and its officers, including Defendants Foote and Bartsch, and on behalf of Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy, constitute one or more untrue statements of material fact under Section Rule 10b-5, and the failure to disclose the true financial condition and value of the Corporation constitutes an omission of a material fact necessary in order to make the statement made, in the light of the circumstances under which it is made, not misleading, under Rule 10b-5.

67.

The Corporation and Defendants Foote, Bartsch, Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy were the direct beneficiaries of such misstatements and omissions of material facts.

68.

WHEREFORE, Plaintiff demands rescission and restitution of the consideration paid by him, together with interest, legal fees and costs, or, in the alternative, damages in the amount of the consideration paid by him, or other damages as provided under applicable state and federal laws, together with interest, legal fees and costs.

## Count VII
## BREACH OF FIDUCIARY DUTIES

69.

Plaintiff re-alleges and incorporates paragraphs 1 through 68 above.

70.

Based on information and belief, Defendants Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy were members of the Corporation's board of directors during the negotiation and sale of the Corporation's stock to Plaintiff.

71.

Based on information and belief, Defendants Foote and Bartsch were the Corporation's president and executive vice president, as well as members of the Corporation's board of directors, during the negotiation and sale of the Corporation's stock to Plaintiff and for some period of time thereafter.

72.

Based on information and belief, Defendants Foote, Bartsch, Brady, C.E. Brewer, Dena Brewer, James Brewer and Duffy owned or controlled all or virtually all of the outstanding stock of the Corporation during the negotiation of the sale of the Corporation's stock to Plaintiff, and Defendants Foote and Bartsch continued to own and control approximately fifty percent (50%) of the Corporation's common stock after the sale of stock to Plaintiff.

73.

As officers, directors and controlling shareholders of the Corporation, Defendants owed the Corporation and the Plaintiff shareholder various fiduciary duties under the corporate laws of the State of Georgia, including but not limited to, a duty of care and a duty of loyalty.

74.

In their official capacities, Defendants knew or should have known the true financial condition of the Corporation during the negotiation and sale of the Corporation's stock to Plaintiff, and knowingly failed to disclose such financial condition to Plaintiff, or failed to exercise the required standard of diligence necessary to ascertain the true financial condition of the Corporation.

75.

Defendants breached their duty of care and/or their duty of loyalty to the Corporation and the Plaintiff shareholder.

76.

WHEREFORE, Plaintiff demands damages in the amount of the consideration paid by him, or other damages as provided under applicable state and federal laws, together with interest, legal fees and costs.

## Count VIII
## VIOLATION OF UNIFORM FRAUDULENT TRANSFER ACT

77.

Plaintiff re-alleges and incorporates paragraphs 1 through 76 above.

78.

On or about May 20, 2008, Defendant Foote, together with John A. Watson, a former officer of the Corporation, executed a $250,000 promissory note, purportedly on behalf of the Corporation, payable to Defendant Jim Brewer, then a shareholder and insider of the Corporation.

79.

The Corporation, acting by and through its officers, and Defendants Foote and Jim Brewer failed to fully and properly disclose the existence of the promissory note during the negotiation of the sale of the Corporation's stock to Plaintiff.

80.

Furthermore, Defendants Foote and Jim Brewer failed to fully and properly disclose during the negotiation and sale of the Corporation's stock to Plaintiff that the principal amount of $250,000 owed under the promissory note had fully matured with a balloon payment due on July 1, 2009, that the full balance was immediately due and payable at all times during the negotiation and sale of the Corporation's stock to Plaintiff, that the Corporation did not have the available funds to pay the note prior to the sale of the Corporation's stock to Plaintiff, nor that the note had been in a state of technical default since July 1, 2009.

81.

Defendant Foote caused the full $250,000 balance due under the note to be paid from the funds of the Corporation in June or July of 2010, but without prior disclosure or consultation with the Plaintiff and the other new shareholders in their new capacities as directors of the Corporation following the sale of the Corporation's stock to them.

82.

Defendant Foote's payment of the full $250,000 balance due under the note thereby depleted the funds of the Corporation necessary to operate and to such an extent that it was no longer able to pay its obligations as and when they came due in the 30 to 60 days subsequent.

83.

WHEREFORE, Plaintiff seeks to rescind the Corporation's payment of $250,000 to Defendant Jim Brewer pursuant to the Georgia Uniform Fraudulent Transfer Act (Section 18-2-70 *et seq.*, O.C.G.A.), or such other damages as may be provided under applicable state and federal laws, together with interest, legal fees and costs.

## Count IX
## PROFESSIONAL MALPRACTICE

84.

Plaintiff re-alleges and incorporates paragraphs 1 through 83 above.

85.

In preparing the Corporation's financial statements, Defendants Winslett & DeFoor, P.C., DeFoor and Winslett failed to exercise proper care and diligence, failed to make proper inquiry into the financial documentation provided by the Corporation's officers, and knew, should have known, or should have discovered the true state of the Corporation's finances and book value through the proper exercise of professional care, diligence, and inquiry.

86.

WHEREFORE, Plaintiff demands damages against Defendants Winslett & DeFoor, P.C., DeFoor and Winslett in the amount of the consideration paid by him for the purchase of stock, or other damages as provided under applicable state and federal laws, together with interest, legal fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

(a) Rescission, restitution, and damages in an amount to be determined at trial, and as provided for under applicable state laws of frauds regarding Defendants' knowing provision of materially false information, or failure to provide materially correct information relating to a contract;

(b) A joint and several judgment against Defendants for rescission, restitution, and damages in an amount to be determined at trial, and as provided for under federal and state securities laws due to Defendants' failures to register the purchase and sale of securities involved in this case, and failure to provide material information relating to the purchase and sale of securities;

(c) A joint and several judgment against Defendants for compensatory and punitive damages to Plaintiffs, in amounts to be determined at trial due to the breach of fiduciary duties owed by one or more of the Defendants;

(d) A joint and several judgment against Defendants Winslett & DeFoor, P.C., DeFoor and Winslett for compensatory and punitive damages to Plaintiffs, in amounts to be

determined at trial due to the breach of their applicable professional standard of care owed by one or more of the Defendants;

    (e)    Attorneys' fees and expenses of litigation, as a result of Defendants' bad faith, stubborn litigiousness, and continuing conduct causing unnecessary litigation; and

    (f)    Granting such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable by jury.

Submitted this 9th day of May, 2012.

                **THE RAULIN**
                **PROFESSIONAL GROUP, LLC,**
                Attorneys for Plaintiffs

                By: _/s/ Kurt A. Raulin_
                Kurt A. Raulin, Esq.
                State Bar of Georgia no. 595545
                Post Office Box 53054
                Atlanta, Georgia 30355-1054
                (404) 869-6164